UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Steven Bander, Individually and Joseph Cashia, Individually**

    Plaintiffs,

vs.                                                         Case No: 8:23-cv-01894-MSS-AAS

**Aerovanti, Inc, Aerovanti Aviation, LLC, Aerovanti Aircraft, LLC, Aerovanti Capital, LLC, Aerovanti Maintenance, LLC, Aerovanti Hangar, LLC, Aerovanti Hangar, LLC, Aerovanti Brokerage, LLC, Tombstone Holdings, LLC, Benjamin Ricketts, Individually, and Patrick Tormay Britton-Harr, Individually**

    Defendants.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiffs' Motion for Default Judgment. (Dkt. 35) Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **DENIES** Plaintiffs' Motion for Default Judgment, **DISMISSES** the Complaint **WITHOUT PREJUDICE**, and **SETS ASIDE** the Entries of Clerk's Default.

### I.  BACKGROUND

On August 22, 2023, Plaintiffs Steven Bander, a resident of Florida, and Joseph Cashia, a resident of Georgia, brought this action against Defendants seeking damages

under claims for (i) alter-ego theory; (ii) breach of contract; (iii) fraudulent misrepresentation; (iv) recission; (v) aiding and abetting fraud; and (vi) negligent misrepresentation. (Dkt. 1) On September 25, 2023, Plaintiffs filed an affidavit of service providing that on September 19, 2023, Defendants Aerovanti, Inc; Aerovanti Aviation, LLC; Aerovanti Aircraft, LLC; Aerovanti Capital, LLC; and Aerovanti Maintenance, LLC were served with a copy of the Summons and Complaint. (Dkts. 7, 8, 9, 10, 11) On November 20, 2023, Plaintiffs filed an affidavit of service providing that on November 14, 2023, and November 17, 2023, Defendants Tombstone Holdings, LLC and Aerovanti Hangar, LLC were served with a copy of the Summons and Complaint. (Dkts. 27, 28)

To date, these Defendants have failed to file an Answer or other responsive pleading in this case. On October 18, 2023, and December 11, 2023, upon Plaintiffs' motions for entry of default, the Clerk entered default against Aerovanti, Inc; Aerovanti Aviation, LLC; Aerovanti Aircraft, LLC; Aerovanti Capital, LLC; and Aerovanti Maintenance, LLC. (Dkts. 19, 20, 21, 22, 23, 33, 34) Plaintiffs now seek a final judgment of default against the Defaulting Defendants pursuant to Federal Rules of Civil Procedure 54(b) and 55(b). (Dkt. 35)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a party who has failed to plead in response to a complaint. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are assumed to be true and deemed admitted upon

entry of default. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Before entering a default judgment, however, the Court must establish that it has subject matter jurisdiction over the claims. Federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking, regardless of whether it is challenged by the parties. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).

Subject matter jurisdiction may be found under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C.§ 1332. Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1317 (11th Cir. 2017). The burden of establishing jurisdiction rests upon the party invoking it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Without jurisdiction, the Court is powerless to continue and should dismiss the case. Univ. of S. Ala., 168 F.3d at 410.

### III.   DISCUSSION

Plaintiffs request an entry of final judgment of default against Defendants for claims asserted under Counts III and VI (Fraudulent Misrepresentation) and Count II and Count V (Breach of Contract). Upon review, because the Court concludes that it lacks subject matter jurisdiction, it **DENIES** the Motion for Default Judgment, **DISMISSES** the Complaint **WITHOUT PREJUDICE**, and **SETS ASIDE** the entries of Clerk's default.

### a. Subject Matter Jurisdiction

In the Complaint, Plaintiffs allege the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) which provides that federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." (Dkt. 1 at ¶ 15). The statutory language "between citizens of different states" requires complete diversity between all plaintiffs and defendants. Univ. of S. Ala., 168 F.3d at 412. And the plaintiff bears the burden to show complete diversity of citizenship.

Absent from the Complaint is any mention of citizenship. Plaintiffs instead reference the individual parties' various places of residence. However, a party's citizenship is not determined by its residency. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Instead, an individual's citizenship is determined by its domicile for purposes of diversity jurisdiction. Id. Domicile generally requires physical presence in the state and the intent to remain indefinitely. Id. Thus, domicile is not synonymous with residence. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011). The Complaint alleges Plaintiff Steven Bander is a resident of Florida and Defendants Patrick Tormay Britton-Harr and Benjamin Ricketts are residents of Florida. (Dkt. 1 at ¶ 1, 12, 13) If these individuals are domiciled in Florida, this alone destroys complete diversity.

Regarding the Defendant corporations, citizenship is determined by the state of incorporation and principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 80

(2010). The principal place of business is where a corporation's officers control, direct, and coordinate its activities, which is typically its headquarters. Id. at 92. Plaintiffs allege Defendant Aerovanti Brokerage, Inc. is incorporated in Florida with its principal place of business also in Florida. (Dkt. 1 at ¶ 10) Similarly, Defendant Aerovanti, Inc. is alleged to be incorporated in Delaware, with its principal place of business in Maryland and its headquarters in Florida. (Dkt. 1 at ¶ 3) The Complaint further states that although Aerovanti, Inc.'s principal place of business is in Maryland and it is headquartered in Florida, Aerovanti is not registered as a foreign corporation authorized to conduct business in either state. (Dkt. 1 at ¶ 3) However, a failure to register to conduct business does not prevent a finding of citizenship regarding the principal place of business. BR-111 Imports & Exports, Inc. v. Summit Mktg., Inc., No. 4:06-CV-0255-HLM, 2006 WL 8434088, at *1 (N.D. Ga. Dec. 20, 2006). Plaintiffs present no allegation concerning where Defendant Aerovanti Inc.'s officers control, direct, and coordinate the corporation's activities and, as Aerovanti Inc. is headquartered in Florida, it is unclear if the principal place of business is in Maryland or Florida.

Moreover, Plaintiffs allege citizenship of the limited liability companies named as Defendants based on the states of incorporation and principal places of business for each. (Dkt. 1 at ¶ 4, 5, 6, 7, 8, 9, 11) It is well-established that for purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. Thermoset Corp., 849 F.3d at 1317 (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)). Therefore,

5

for purposes of diversity jurisdiction, the limited liability companies' states of incorporation and principal places of business are irrelevant. Plaintiffs also allege that Defendants Britton-Harr and Ricketts are founding members, corporate officers, directors, and/or principals of: Aerovanti Aviation, LLC; Aerovanti Aircraft, LLC; Aerovanti Capital, LLC; Aerovanti Maintenance, LLC; Aerovanti Hangar-MD, LLC; Aerovanti Hangar-FL, LLC; and Tombstone Holdings, LLC. (Dkt. 1. at ¶ 13, 14) Therefore, if either Ricketts or Britton-Harr is a citizen of Florida as alleged, these companies are all also citizens of Florida.

Plaintiffs have therefore failed to allege complete diversity of citizenship as required under 28 U.S.C. § 1332(a)(1) to invoke this Court's diversity jurisdiction in this case. As such, the Court must dismiss Plaintiffs' Complaint, and the merits of the case cannot be considered. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes it lacks subject matter-jurisdiction, the complaint must be dismissed in its entirety."); Fed. R. Civ. P. 12(h)(3) (requiring the Court to "dismiss the action" after determining it lacks subject–matter jurisdiction). Additionally, pursuant to the Federal Rule of Civil Procedure 55(c), the entries of Clerk's defaults are set aside for lack of subject matter jurisdiction.

## IV.   CONCLUSION

Upon consideration of the foregoing, it is hereby ORDERED as follows:

1. Plaintiffs' Motion for Default Judgment (Dkt. 35) is **DENIED.**

2. The Complaint (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE.**

3. The Entries of Clerk's Defaults (Dkt. 19, 20, 21, 22, 23, 33, 34) are **SET ASIDE.**

4. The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Tampa, Florida, this 4th day of June 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person